UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 2:18-cr-143-JDL |
| v. | |
| MELQUAN JORDAN | |

**DEFENDANT JORDAN'S OBJECTION TO THE
ADMISSION OF FACEBOOK VIDEO RECORDINGS**

NOW COMES Melquan Jordan, by and through counsel, Joseph Mekonis, Esq., respectfully objecting to the admission of Facebook video recordings propounded by the United States Government.

Background

The United States seeks to introduce portions of a 71-minute video recording. The recording was generated and 'shot' by co-defendant, Lamale Lawson, with a cell phone via the application Facebook Live. The Government contends that the video clips contain relevant evidence incriminating Melquan Jordan for conspiracy. The Government listed and called Lamale Lawson as a witness on October 23, 2019. Mr. Lawson invoked his Fifth Amendment rights, maintained his silence, and the Court eventually excused him as a witness. The Government now seeks to authenticate the video through witness Amy Santiago, lessee of the apartment where the video was taken.

Analysis

The First Circuit Court of Appeals recently held in United States v. Blanchard, 867 F.3d 1, 2017 U.S. App. LEXIS 14578, 2017 WL 3392557 that:

It is axiomatic that documentary evidence must be authentic. United States v. Holmquist, 36 F.3d 154, 167 (1st Cir. 1994) ("It cannot be gainsaid that documentary evidence must be

authentic."); United States v. Paulino, 13 F.3d 20, 23 (1st Cir. 1994) (stating that documentary evidence must be authentic and that authenticity is a condition precedent to admissibility). Authenticity is closely related to relevance, for if an item is not what it purports to be then it may not be relevant to the inquiry. See United States v. Browne, 834 F.3d 403, 409, 65 V.I. 425 (3d Cir. 2016) (starting inquiry into authenticity by first examining relevance).

Evidence of authenticity may consist of "direct testimony of either a custodian or a percipient witness." Paulino, 13 F.3d at 23; see also Fed. R. Evid. 901(b)(1). This evidence is extrinsic to the document or item itself. See, e.g., United States v. Appolon, 715 F.3d 362, 371-72 (1st Cir. 2013) (employee could authenticate files because she updated and maintained them); United States v. Landrón-Class, 696 F.3d 62, 69 (1st Cir. 2012) (doctor authenticated prescriptions he made himself). It can also come from elements of the document itself, such as "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4); see also Paulino, 13 F.3d at 23.

      The defense contends that Lamale Lawson is the *sole* percipient witness because the video is recorded by him *through his perspective*. Mr. Lawson aimed the camera (with attendant audio) at multiple people in his company. The defense emphasizes that the fluidity of a "moving picture" is a crucial factor. The fluid dynamic of ongoing recording distinguishes a video recording from the static capture of a single scene in a freeze-frame photograph. The fluidity was solely controlled by Lamale Lawson.

      Rule 901 of the Federal Rules of Evidence regarding authentication provides the example at 901(b)(1) requiring testimony of a witness with knowledge to support a finding that the item is what the proponent claims it is. *See* 901(a). The Government contends that the testimony of witness Amy Santiago can authenticate the recording because (1) at the time, she was the lessee of the premises and (2) she was present during the recording.

      The defense points out that, employing the VLC video player software, Amy Santiago appears on the video recording at the 1 hour, 8 minute, and 35 second mark. She appears unaware that Lamale Lawson is making the recording. The recording ends less than 3 minutes after Ms. Santiago's arrival "on scene". The defense now lodges a Rule 602 objection. Any

testimony by an "unaware" Amy Santiago regarding content violates the Rule 602 requirement that a witness have personal knowledge of the matter, i.e. personal knowledge of the prior 68 minutes of content.  Furthermore, Ms. Santiago testified that her first viewing of the recording was seven (7) months after it was created. She also testified she reviewed it multiple times, personally, and during witness preparation meetings with the prosecution.  Any Santiago testimony derived from these subsequent, non-contemporaneous viewings constitute hearsay.

    The defense relies upon United States v. Bonds, 608 F.3d 495, 2010 U.S. App. LEXIS 11934, 83 Fed. R. Evid. Serv. (Callaghan) 23 in support of the proposition that evidence proffered to support authenticity of a challenged item must itself be admissible.[1] The Bonds court stated "[b]ecause the government was attempting to use Anderson's out of court statements to prove the truth of what they contained, Bonds argued that Anderson's statements were inadmissible hearsay and that the lab results could not be authenticated as Bonds' in that manner. *See Fed. R. Evid. ("FRE") 802*".

    WHEREFORE Defendant Melquan Jordan objects to the admissibility of the Lawson video for failure by the Government to call a percipient witness to authenticate it.

Date:  23 October 2019                                   Respectfully submitted,

                                                                 /s/ Joseph Stanley Mekonis
                                                                 JOSEPH S. MEKONIS (Bar No. 8947)
                                                                 Law Office of Joseph Mekonis, P.A.
                                                                 P.O. Box 679
                                                                 Saco  ME  04072
                                                                 (207) 283-6610

---

[1] Best Practices for Authenticating Digital Evidence, Hon. Paul W. Grimm et al.

**CERTIFICATE OF SERVICE**

    I, Joseph Mekonis, hereby certify that I electronically filed the foregoing Defendant Melquan Jordan's <u>Objection to the Admission of Facebook Recording</u> with the Deputy Clerk of Court using the newcase (e-mail address) system and by sending notification of such filing to AUSA Darcie McElwee and Attorney William Maselli, counsel for Edward Canty III to their respective e-mail addresses:

    newcases.portland@med.uscourts.gov

    Amy_Rydzewski@med.uscourts.gov

    darcie.mcelwee@usdoj.gov

    williammaselli55@gmail.com


Date:  23 October 2019                     <u>/s/ Joseph Stanley Mekonis</u>
                                            JOSEPH S. MEKONIS (Bar No. 8947)
                                            Law Office of Joseph Mekonis, P.A.
                                            P.O. Box 679
                                            Saco  ME  04072
                                            (207) 283-6610